UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| SETH ANDRADE, | * | |
|---|---|---|
| | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. 15-cv-13247-IT |
| | * | |
| OSVALDO VIDAL, | * | |
| | * | |
| Respondent. | * | |

# MEMORANDUM AND ORDER
# ADOPTING REPORT AND RECOMMENDATION
March 4, 2019

TALWANI, D.J.

A Massachusetts grand jury charged Petitioner Seth Andrade with first degree murder on the theory of deliberate premeditation, and unlawful possession of a firearm. During voir dire, the trial judge questioned potential jurors concerning the effect, if any, of the absence of eyewitness testimony on their ability to reach a guilty verdict, and then struck thirteen potential jurors for cause. The jury found Andrade guilty on both charges and the judge sentenced him to life in prison. Andrade appealed his conviction in state court and subsequently filed in this court this timely habeas petition pursuant to 28 U.S.C. § 2254, claiming a violation of the right to a fair and impartial jury due to improper questioning of the potential jurors. Petition [#1].[1] The Magistrate Judge to whom this matter was referred issued a Report and Recommendation [#34] recommending that the Petition [#1] be denied. Andrade filed Objections [#40]. On *de novo* review, the court adopts the Report and Recommendation [#34] and specifically addresses Andrade's Objections [#40] as set forth below.

---

[1] Andrade presented two additional claims in his habeas petition but proceeded only on the claim that he was deprived of his right to an impartial jury. See Pet'r's Mem. 2 n.2 [#24].

Andrade claims two distinct violations of his Sixth Amendment right to an impartial jury. First, in what he labels the "disqualification" claim, Andrade contends that his rights were violated when the trial judge disqualified thirteen members of the venire. Id. at 2. Second, in what he labels the "indoctrination claim," he asserts that his rights were violated by further statements made by the trial judge to the seated jurors. Id. The court discusses Andrade's Objections [#40] in the context of these two claims.

　　A.　The Disqualification Claim

In his "disqualification claim," Andrade argues that the voir dire and striking for cause of prospective jurors was improper because the trial judge did not sufficiently inquire whether the potential jurors could set aside their views on circumstantial versus direct evidence. Objs. at 4, 13-16 [#40]; see also Pet'r's Mem. 30-34 [#24]. He contends that this resulted in the improper exclusion of potentially qualified jurors who may have been more favorable to his defense. See Commonwealth v. Andrade, 468 Mass. 543, 547 (2014). The Magistrate Judge rejected Respondent's argument that this claim was procedurally defaulted, as the SJC had addressed the merits of this claim. R. & R. 14 [#34]. The Magistrate Judge then found that the Massachusetts Supreme Judicial Court's ("SJC") conclusion rejecting Andrade's contention was not contrary to or an unreasonable application of clearly established federal law, and that the deferential standard for state habeas petitions, as well as a review of the context surrounding the prospective jurors' answers, support the SJC's affirmance of the trial court's decision. Id. at 34.

Andrade's Objections [#40] follow a common theme. Andrade argues that the court should not defer to the factual findings of the state court because the trial court did not determine if the prospective juror's views about the lack of eyewitness testimony would substantially impair his or her ability to perform his or her duties in accordance with the court's

instructions. Objs. 6, 15-16 [#40] (citing Wainwright v. Witt, 469 U.S. 412, 424 (1985); Adams v. Texas, 448 U.S. 38, 45 (1950)). He objects to the Magistrate Judge's discussions of: "demeanor" and "credibility"; defense counsel's failure to object to the trial judge's removal of any of the thirteen potential jurors; and "ambiguity." Id. at 6-11. He concedes that the trial judge determined that the struck jurors were biased but argues that there was no record support for the trial judge's determination. Id. at 12. He objects finally to any suggestion that the Sixth Amendment right to an impartial jury applies uniquely in death penalty cases. Id. at 13, n.17 (citing Wainwright, 469 U.S. at 423, 429).

Wainwright, however, underscores that a trial judge's finding about a potential juror's bias or impartiality is a finding of fact "based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province," and are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). 469 U.S. at 428. While the trial judge "is of course applying some kind of legal standard to what he sees and hears, . . . his predominant function in determining juror bias involves credibility findings whose basis cannot be easily discerned from an appellate record[]" but are nonetheless "'factual issues' that are subject to § 2254(d)." Id. at 429; see also id. at 430-31 (holding that the trial judge was not required to announce for the record that he found the potential juror biased, or his reasoning therefore, where the finding "is evident from the record," and noting that trial counsel raised no objection, thus giving the trial court no reason to think that elaboration was necessary).

Finally, although there can be no dispute that the Sixth Amendment right to an impartial jury applies equally to the jury that is seated in capital and non-capital cases, Andrade is not claiming that voir dire of the prospective jurors was inadequate in failing to identify potentially biased jurors or in allowing biased jurors to be seated. Instead, he is challenging the exclusion

of potential jurors, and the Magistrate Judge correctly noted the Supreme Court's recognition of the "special context of capital sentencing" in considering such an exclusion claim. R. & R. 20 [#34] (citing Lockhart v. McCree, 476 U.S. 162, 183 (1986)).

    B.  The Indoctrination Claim

Andrade argues that the trial court coerced the jury into a guilty verdict and the Massachusetts courts failed to adequately consider all the circumstances affecting the coercive impact of the trial court's actions. Objs. 16-17 [#40]; see also Pet'r's Mem. 34-37 [#24]. The Magistrate Judge found that the SJC applied the correct standard in determining whether a second voir dire question violated Andrade's right against a coerced jury verdict, that the SJC considered the totality of the circumstances surrounding the trial judge's actions, and that the SJC's decision was supported by the record. R. & R. 23-24 [#34]. The Magistrate Judge rejected Andrade's claim that the "propensity toward conviction was exacerbated" by the Commonwealth's use of some of its peremptory challenges to strike five potential jurors, noting among other things that Andrade did not challenge the Commonwealth's use of peremptory challenges in the state court. Id. at 7 n.3.

Andrade objects that the Magistrate Judge failed to consider the peremptory challenges argument and argues that the SJC failed to consider the totality of circumstances as required under federal case law. Objs. 16-17, 17 n.21 [#40]; see also id. at 5. But, while he points to portions of his supporting memorandum raising this issue, id. at 5 (citing Pet'r's Mem. 27-29 [#24]), he offers no rebuttal to the Magistrate Judge's finding that the peremptory challenge issue was not raised in state court.

Having not objected to the use of peremptory challenges at trial nor raised the issue before the SJC, and considering the SJC therefore did not address this issue, any constitutional

4

challenge to the Commonwealth's use of peremptory challenges is procedurally defaulted.

CONCLUSION

For all the reasons detailed herein, and in the Report and Recommendation [#34], this court concludes that the state court's decision was not an unreasonable application of clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts. Therefore, the court ADOPTS the Magistrate Judge's Report and Recommendation [#34]. Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [#1] is DENIED.

IT IS SO ORDERED.

March 4, 2019 /s/ Indira Talwani
United States District Judge